UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOROTHY J. MORRIS,

        Petitioner,               Case Number: 06-11559-BC
                                             Honorable David M. Lawson

v.

CLARICE STOVALL,

        Respondent.
_____ /

### OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AND DISMISSING MOTION FOR APPOINTMENT OF COUNSEL

The petitioner, Dorothy J. Morris, a state prisoner currently incarcerated at the Robert Scott Correctional Facility in Plymouth, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of first-degree murder following a jury trial in Bay County Circuit Court, and sentenced to life imprisonment. The petitioner previously has filed two habeas corpus petitions challenging the first-degree murder conviction. The Court concludes that the present petition constitutes a successive petition within the meaning of 28 U.S.C. § 2244(b)(3), over which this Court lacks jurisdiction. The Court, therefore, will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

I.

The petitioner was charged in Bay County Circuit Court with first-degree murder. Following a three week trial in 1983, the petitioner was convicted as charged. She was sentenced to life imprisonment.

The petitioner filed an appeal of right in the Michigan Court of Appeals, which affirmed the convictions. *People v. Morris*, No. 70683 (Mich. Ct. App. Dec. 26, 1984). She filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Morris*, No. 75688 (Mich. June 25, 1985).

The petitioner filed a petition for a writ of habeas corpus in this Court. The petition was dismissed for failure to exhaust state court remedies. *Morris v. Miller*, No. 85-cv-75615-DT (E.D. Mich. Sept. 17, 1986) (DeMascio, J.).

In 1986, the petitioner filed another petition for a writ of habeas corpus in this Court. That petition was dismissed because the claims raised were not presented as federal questions. *Morris v. Miller*, No. 86-cv-74312-DT (E.D. Mich. June 19, 1987) (DeMascio, J.).

The petitioner then returned to state court, filing an application for leave to file a late appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Morris*, No. 109935 (Mich. Ct. App. Oct. 7, 1988). The petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Morris*, No. 84867 (Mich. March 29, 1989).

The petitioner returned to federal court and filed a habeas petition raising six claims for habeas corpus relief. The petition was denied on the merits. *Morris v. Howes*, No. 89-cv-10141-BC (E.D. Mich. Aug. 21, 1990) (Cleland, J.).

In 1998, the petitioner filed yet another habeas petition challenging her first-degree murder conviction. The district court transferred that petition to the Sixth Circuit Court of Appeals because it was a subsequent habeas petition which she had not been granted permission to file as required by 28 U.S.C. § 2244(b)(3)(A). *Morris v. Langley*, No. 98-cv-10067-BC (E.D. Mich. June 8, 1998)

(Cleland, J.). The Sixth Circuit Court of Appeals denied the request to file a second or successive habeas petition. *In re: Dorothy Morris*, No. 98-0156 (6th Cir. Dec. 11, 1998).

The petitioner has now filed the pending petition for a writ of habeas corpus challenging her 1983 first-degree murder conviction.

## II.

The petitioner already has filed several petitions for a writ of habeas corpus challenging the conviction challenged in the present petition. 28 U.S.C. § 2244(b)(3)(A) provides, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

At least one of the petitioner's prior habeas corpus petition was dismissed on the merits. *See Morris v. Howes*, No. 89-cv-10141-BC (E.D. Mich. Aug. 21, 1990) (Cleland, J.). The petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the Court of Appeals. *Id.*

The Court lacks jurisdiction to consider the present petition until the petitioner receives approval from the Court of Appeals to proceed pursuant to 28 U.S.C. § 2244(b)(3).

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.

It is further **ORDERED** that the motion for appointment of counsel [dkt #2] is **DISMISSED** for lack of jurisdiction.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 27, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS